## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| DWAYNE ROBISON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:20-CV-170 JAR |
| ASHLEY KOPP, et al., | ) ) ) |
| Defendants. | ) ) |

### MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Dwayne Robison for leave to commence this civil action without prepaying fees or costs. Plaintiff, a prisoner, has filed at least three previous cases that were dismissed as frivolous, malicious, or for failure to state a claim.[1] Under 28 U.S.C. § 1915(g), therefore, the Court may not grant the motion unless plaintiff "is under imminent danger of serious physical injury." After reviewing this action in its entirety, the Court will dismiss this action pursuant to 28 U.S.C. § 1915(g). Alternatively, the Court will dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B).

### Legal Standard on Initial Review

This Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). To determine whether an action states a claim upon which relief can be granted, the Court engages in a two-step inquiry. First, the Court determines whether the allegations in the complaint are entitled to the assumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Allegations are not entitled

---

[1] *Robison v. Lawson*, No. 4:19-CV-2013 JCH (E.D.Mo); *Robison v. Salsmen*, No. 4:19-CV-2665 SNLJ (E.D.Mo); *Robison v. Ivy*, No. 4:19-CV-1180 NAB (E.D.Mo); *Robison v. McIntyre*, No. 4:19-CV-1870 DDN (E.D.Mo).

to the assumption of truth if they are merely "legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 678. Second, the Court determines whether the complaint contains sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

A claim is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *id.*, and "raise[s] a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Where the well-pleaded facts do not permit the inference of more than the "mere possibility of misconduct," the complaint has alleged, but has not shown, that the pleader is entitled to relief. *Iqbal,* 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)); *see also Twombly,* 550 U.S. at 557 (if the well-pleaded facts are merely consistent with wrongdoing, the complaint stops short of the line between possibility and plausibility). Determining whether a complaint states a plausible claim is a context-specific task that requires the court to draw upon judicial experience and common sense. *Iqbal,* 556 U.S. at 679.

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364

2

F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff is presently incarcerated at the Eastern Reception and Diagnostic Correctional Center ("ERDCC"). He brings this action pursuant to 42 U.S.C. § 1983 against Ashley Kopp (Licensed Professional Counselor) and Julie Bells (Deputy Warden). He sues defendants in their individual capacities. He alleges as follows.

Plaintiff asserts that he has had mental health issues since the Fall of 2019 that have not been adequately addressed at ERDCC. He is seeking psychiatric medication from Counselor Kopp to deal with his past trauma from attempts to commit suicide. He claims that if he is allowed to take the psychiatric medication he will be allowed to move out of administrative segregation. Plaintiff states that Deputy Warden Julie Bell has refused to allow "medical" to give him proper mental health treatment and refused to allow mental health counselor Kopp to move him out of administrative segregation. Specifically, plaintiff states that he suffers from ADHD, Bi-Polar Disorder, Schizophrenia and Mood Swings. Plaintiff admits that he is already taking some medications for his disorders, but he believes that he needs to be on different medications. Further, plaintiff believes he will eventually need to be placed in the hospital for long-term care.

Plaintiff acknowledges in his complaint that he was kept in administrative segregation after he attempted suicide at Potosi Correctional Center by hanging himself, throwing himself off the walk, as well as when he attempted to cut himself with glass and then when he attempted to overdose on his mental health pills. Plaintiff asserts that administrative segregation is not good for his mental health.

Attached to plaintiff's complaint is an Informal Resolution Request filed by plaintiff on August 29, 2019, in which he states that he is seeking psychological medication because of his past history of suicidal ideation.[2] Plaintiff states that this has caused past trauma. Also attached to plaintiff's complaint is an Informal Resolution Response, dated September 13, 2019, filed by Bethany Tucker, Licensed Professional Counselor. The IRR response states that a review of plaintiff's medical record shows that he has been regularly seen by mental health providers as well as medical providers, and he was in the past few months taken off of the anti-anxiety medication Cymbalta. No medication was called for at this time, but he would continue to be monitored by the mental health counselors as well as medical.

On October 11, 2019, plaintiff filed a Grievance, as attached to his complaint. In his Grievance plaintiff asserts that he has first been placed on Cymbalta for back pain and he did not do well on the drug even though mental health also encouraged him to stick with it as it was supposed to help his anxiety. Plaintiff states that he eventually had to come off the drug due to side effects and he was told that he would be given a different drug to assist him with his mental health symptoms but he still had not been given a different mental health drug.

On October 15, 2019, Ashley Kopp, a Licensed Professional Counselor, filed the Grievance Response from ERDCC. In the Response, Kopp indicated that a review of plaintiff's records showed that over the past three months, plaintiff had over twenty-five (25) encounters with Qualified Mental Health Professionals, as well as three (3) encounters with psychiatrists. Decisions as to what prescriptions to prescribe for mental health issues are left up to the psychiatrists clinical judgment. Plaintiff was reminded to follow the recommendations of the treatment team.

---

[2] Documents attached to the complaint are part of the Court record, pursuant to Fed.R.Civ.P.10.

4

On November 2, 2019, plaintiff filed a Grievance Appeal at ERDCC, as attached to his complaint. Again plaintiff asserted in his Grievance Appeal that he was in need of medication for past trauma due to his previous suicide attempts at Potosi. On November 20, 2019, J. Cofield of Constituent Services and Elizabeth Atberry, the Regional Director of Mental Health, filed a dual response to plaintiff's Grievance Appeal. In the Response to the Grievance Appeal, Atberry and Cofield indicated that review of the mental health and medical record showed that plaintiff was being seen regularly by both medical and mental health providers. In fact, plaintiff had last been seen by a psychiatrist on October 22, 2019, and he was seen by a medical provider on sick call on December 5, 2019. Moreover, he had also been seen by licensed professional counselors as well. Plaintiff was reminded that he could not simply choose his course of treatment if he was doing well with the current course.

Plaintiff states that he is seeking monetary damages due to the denial of mental health care.

## Discussion

Plaintiff is a frequent litigator before this Court. Within the past year-and-a half he has filed fifteen actions in the Eastern District of Missouri. As noted above, he is also limited to filing in forma pauperis in cases under which he is under imminent danger, pursuant to 28 U.S.C. § 1915(g) as a result of having accumulated "three strikes" under the statute.

Section 1915(g) provides that, even if a prisoner has exhausted his three strikes, he will be permitted to proceed in forma pauperis if he is "under imminent danger of serious physical injury." The United States Court of Appeals for the Eighth Circuit has held that an otherwise ineligible prisoner is only eligible to proceed in forma pauperis if he is in imminent danger at the time of filing his complaint. *Ashley v. Dilworth,* 147 F.3d 715, 717 (8th Cir. 1998). "Allegations that the prisoner has faced imminent danger in the past are insufficient to trigger this exception to § 1915(g)

5

and authorize the prisoner to pay the filing fee on the installment plan." *Id.* "Moreover, the exception focuses on the risk that the conduct complained of threatens continuing or future injury, not on whether the inmate deserves a remedy for past misconduct." *Martin v. Shelton,* 319 F.3d 1048, 1050 (8th Cir. 2003).

Applying these principles, the Eighth Circuit has concluded that the imminent-danger-of-serious-physical-injury standard was satisfied when an inmate alleged that prison officials continued to place him near his inmate enemies, despite two prior stabbings, Ashley, 147 F.3d at 717, and when an inmate alleged deliberate indifference to his serious medical needs that resulted in five tooth extractions and a spreading mouth infection requiring two additional extractions, *McAlphin v. Toney*, 281 F.3d 709, 710-11 (8th Cir. 2002).

However, the Eighth Circuit has held that a general assertion that defendants were trying to kill the plaintiff by forcing him to work in extreme weather conditions despite his blood pressure condition, was insufficient to invoke the exception to § 1915(g) absent specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury. *Martin,* 319 F.3d at 1050.

Upon review, the Court finds plaintiff's claims should be dismissed pursuant to 28 U.S.C. § 1915(g). Plaintiff is a frequent filer of prisoner complaints and as noted above, has had three or more complaints dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted. Plaintiff's allegations are really nothing more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *See Ashcroft v. Iqbal,* 129 S. Ct. 1937, 149 (2009). Plaintiff does not claim that he is currently a suicide risk.[3] Rather, he claims that he believes that he should be entitled to

---

[3] One sentence in plaintiff's complaint states, "I told her won't to take my life." Reviewing the record in its entirety, including plaintiff's IRR, his Grievance and his Grievance Appeal, the Court does not believe

6

psychotropic medication for past trauma when he was a suicide risk when he was incarcerated at Potosi Correctional Center two years prior. Moreover, he seems to want to pick his own psychiatric medication, rather than utilize the mental health counseling and recommendations being provided by the professionals at ERDCC. Plaintiff's "facts," show nothing more than a "mere possibility" of danger, that cannot suffice to allow him to proceed without payment of the full filing fee at this time. Therefore, the complaint is subject to dismissal under § 1915(g).

Additionally, the Court finds that even if the Court were to allow plaintiff to proceed as a pauper, his complaint would be subject to dismissal under 28 U.S.C. § 1915(e)(2)(B). Plaintiff's claims are legally frivolous and fail to state a claim upon which relief may be granted.

To state an Eighth Amendment violation related to medical care, a plaintiff must plead facts that show that the defendant acted with deliberate indifference. *Schaub v. VonWald*, 638 F.3d 905, 914 (8th Cir. 2011). To do so, a plaintiff must show that he suffered from an objectively serious medical need, and that the defendant actually knew of, and yet deliberately disregarded, that need. *Schaub*, 638 F.3d at 914. Deliberate disregard is a mental state "equivalent to criminal-law recklessness, which is 'more blameworthy than negligence,' yet less blameworthy than purposely causing or knowingly bringing about a substantial risk of serious harm to the inmate." *Id.* at 914–15 (quoting *Farmer v. Brennan*, 511 U.S. 825, 835, 839–40 (1994)). Allegations amounting to negligence or medical malpractice do not state claims of constitutional significance. *Id., Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995).

---

plaintiff is stating that he told Kopp he was going to attempt suicide. Nowhere in the IRR, Grievance or Grievance Appeal does plaintiff indicate such, nor in any part of the complaint does plaintiff state that he is currently a suicide risk. Rather, he instead states that he is experiencing mental health trauma from his past suicide ideations. Additionally, the very fact that plaintiff has been seen by mental health professionals, as well as medical professionals no less than twenty-eight times in three months indicates that defendants were attuned to plaintiff's mental health needs.

7

Here, plaintiff is obviously seeking a certain course of treatment that he believes is best for him. However, plaintiff is disregarding the treatment that is being offered by the mental health professionals, the medical doctors and the psychiatrists. As noted on the Grievance Response filed by defendant Kopp on October 15, 2019, a review of plaintiff's records showed that over the past three months, plaintiff had over twenty-five (25) encounters with Qualified Mental Health Professionals, as well as three (3) encounters with psychiatrists. Plaintiff is required to trust treatment decisions as to his mental health issues to the professionals and their clinical judgment. His mere disagreement with treatment decisions does not give rise to the level of a constitutional violation. *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995); *see also Rowe v. Norris*, 198 Fed.Appx. 579, 581 (8th Cir. 2006) (no Eighth Amendment violation because inmate disagreed with physician's choice of medication); *Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000) ("mere disagreement with treatment decisions does not rise to the level of a constitutional violation"); *Long v. Nix*, 86 F.3d 761, 765 (8th Cir. 1996) ("Nothing in the Eighth Amendment prevents prison doctors from exercising their independent medical judgment. Prisoners do not have a constitutional right to any particular type of treatment. Prison officials do not violate the Eighth Amendment when, in the exercise of their professional judgment, they refuse to implement a prisoner's requested course of treatment"); *Smith v. Marcantonio*, 910 F.2d 500, 502 (8th Cir. 1990) (claims properly dismissed because they were based on "nothing more than mere disagreement with the course of his medical treatment")). As such, plaintiff's claims are subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion seeking leave to commence this action without prepaying fees or costs (ECF No. 2) is **DENIED**

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C.§1915(g).

**IT IS FURTHER ORDERED** that, alternatively, this case is **DISMISSED, without prejudice**, as legally frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C.§ 1915(e)(2)(B).

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

A separate order of dismissal will be entered herewith.

Dated this 6th day of August, 2020.

*John A. Ross*
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE